Dianne SASSER; Vickie Leff; Jessica Labonte–Souza; Leanna Thomas; Elizabeth Krueger; Mark Allerdice; Frank Marchi, on behalf of themselves and all others similarly situated, Plaintiffs,

and

Emile Lemoine; Cheri Molatore; Coleen Blinoff; Robert Dishman; Kay Sorensen; Gerald Alexander; Leslie Hardy; Susan Wetzel; Denise Monday, on behalf of themselves and all others similarly situated, Plaintiffs—Appellants,

v.

W. Thomas AMEN, in his capacity as an individual and in his capacities as an attorney with Amen & Keith and attorney, director, President and CEO of West Coast; Wayne Clark; West Coast Beauty Supply Company, a California corporation; Law Offices of Amen & Keith, a professional corporation; Douglas Jalen, in his capacity as an individual and as Chief Financial Officer; David Clark, in his capacity as an individual and as a shareholder principal; Cricket Company; Direct Beauty Express; Supercenter; Future Concepts; Salon Design Center; Monarch Beauty Supply (in Canada); West Coast/Trend; New Era Beauty Supply; Salon Systems International; Miller Beauty Supply; Premier Beauty Supply, Defendants—Appellees.

Dianne Sasser; Vickie Leff; Jessica Labonte–Souza; Leanna Thomas; Elizabeth Krueger; Mark Allerdice; Frank Marchi, on behalf of themselves and all others similarly situated, Plaintiffs,

and

Emile Lemoine; Cheri Molatore; Colleen Blinoff; Robert Dishman; Kay Sorensen; Gerald E. Alexander; Leslie Hardy; Susan Wetzel; Denise Monday, on behalf of themselves and all others similarly situated, Plaintiffs—Appellees,

v.

W. Thomas Amen, in his capacity as an individual and in his capacities as an attorney with Amen & Keith and attorney, director, President and CEO of West Coast; Wayne Clark; West Coast Beauty Supply Company, a California corporation; Law Offices of Amen & Keith, a professional corporation; Douglas Jalen, in his capacity as an individual and as Chief Financial Officer, Defendants—Appellants,

and

David Clark, in his capacity as an individual and as a shareholder principal; Cricket Company; Direct Beauty Express; Supercenter; Future Concepts; Salon Design Center; Monarch Beauty Supply (in Canada); West Coast/Trend; New Era Beauty Supply; Salon Systems International; Miller Beauty Supply; Premier Beauty Supply, Defendants.

Nos. 01–16561, 01–17167.
D.C. No. CV–99–03604–SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Decided Jan. 28, 2003.

Before HUG, ALARCON, and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiffs, who are current and former employees of West Coast Beauty Supply, allege that Defendants defrauded them through three unlawful compensation plans. Plaintiffs argue that Defendants' implementation of these plans violated the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c)-(d), 1964. The district court granted summary judgment in Defendants' favor. We affirm.

### A. *"Charge back" and "instant credit" plans*

We assume for the sake of this disposition, but need not and do not decide, that only some of Plaintiffs' claims as to these two plans are time-barred. Even if some claims are not barred by the statute of limitations, Defendants are entitled to summary judgment.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

There is no evidence that Defendants intentionally misrepresented anything about either the "charge back" or the "instant credit" plan. The details of each plan have been disclosed. For example, Kauders stated that he mailed a copy of the commission charge-back report to each Plaintiff with Plaintiffs' paychecks.

Plaintiffs' claim hinges on their allegation that Defendants represented the plans as being legal, while knowing that the plans were illegal. However, there is no admissible evidence that raises a genuine issue of material fact as to Defendants' knowledge concerning the legality of the plans. Plaintiffs rely on a 1981 advice letter from their employer's lawyer to their employer, which (they contend) implies that Defendants knew that the plans adopted several years later were illegal. However, the district court correctly ruled that this document is privileged and that the privilege never has been waived. No other evidence in the record raises an inference of the knowledge alleged.[1]

### B. *"Bonus Bucks" plan*

■ Two plaintiffs allege that they received inflated 1099s as a result of their participation in the "Bonus Bucks" plan. However, there is no evidence that either of them actually incurred any additional tax liability or whether, instead, they filed offsetting forms, declined to report the amount recited as income, or otherwise avoided paying taxes on these amounts. Without showing some concrete financial loss, Plaintiffs cannot state a RICO claim. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir.1997).

### C. *Costs*

On cross-appeal, Defendants argue that the district court abused its discretion in denying them costs. We agree.

Defendants are the prevailing party in this action. Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs are "allowed as of course to the prevailing party unless the court otherwise directs." We have held that this rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir.2000) (en banc). If a district court denies costs to a prevailing party, it must give reasons explaining why the case is not ordinary and why it would be "inappropriate or inequitable to award costs." *Id.* at 593.

■ The district court denied costs simply because it concluded that the RICO claims are "intertwined" with pendant state-law claims, which it dismissed without prejudice. However, the district court's decision to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims does not change the fact that Defendants are fully the prevailing party in *this* federal case.

On remand, the district court should reconsider whether to award costs: if not, it must explain its reasons; if so, it should consider the appropriate amount.

AFFIRMED on appeal (No. 01–16561); REVERSED and REMANDED on cross-appeal (No. 01–17167). Costs on appeal No. 01–16561 are taxed against Plaintiffs–Appellants, and costs on cross-appeal No. 01–17167 are taxed against Plaintiffs–Appellees.

---

1. None of the district court's other evidentiary rulings was an abuse of discretion.